UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| N'ORLEANS PO'BOY PLACE, LLC and <br> N'ORLEANS KREWE KITCHEN, LLC <br><br> Plaintiffs <br><br> VERSUS <br><br> CULINARY CONSTRUCTION CO., LLC, <br> JEROME STUART, DAVCO RESTAURANTS, <br> LLC, DAVCO NOPP, LLC, DAVCO NOLA, LLC, <br> DAVID J. NORMAN, ANN PORTNOW, and <br> RICHARD BORCHERS <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> CIVIL ACTION NO.: <br><br> JUDGE: <br><br> MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, DavCo NOPP, LLC and DavCo NOLA, LLC ("DVN") hereby remove to this Court the state-court action described below pursuant to 28 U.S.C. § 1441. In support of removal DavCo NOPP, LLC and DVN state as follows:

## BACKGROUND

1. On May 14, 2018, Plaintiffs N'Orleans Po'Boy Place, LLC ("NOPP") and N'Orleans Krewe Kitchen, LLC ("NOKK") (collectively, "Plaintiffs") filed suit in the 24th Judicial District Court, Parish of Jefferson, Louisiana. Plaintiffs' suit is captioned and numbered *N'Orleans Po'Boy Place, LLC and N'Orleans Krewe Kitchen, LLC versus Culinary Construction Co., LLC, Jerome Stuart, DavCo Restaurants, LLC, DavCo NOPP, LLC, DavCo NOLA, LLC, David J. Norman, Ann Portnow, and Richard Borchers*, No. 783-766, Division "B." (*See* Petition as part of the entire state court record, attached as Exhibit A.). In addition to the

removing Defendants, Plaintiffs also named DavCo Restaurants, LLC, David J. Norman ("Norman"), Culinary Construction Co., LLC ("CCC"), Ann L. Portnow ("Portnow"), Jerome Stuart ("Stuart"), and Richard Borchers ("Borchers") as defendants.

2.  Plaintiffs allege, *inter alia*, that Defendants violated the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq.* and Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, *et seq.* by "misappropriat[ing] Plaintiffs' confidential and proprietary business information" relating to a New Orleans themed restaurant, "Simply Delicious Cajun Kitchen," scheduled to open in Baltimore, Maryland on May 18, 2018. (Ex. A, pp. 9-10, ¶¶ 31, 38-39). Plaintiffs also allege Defendants breached various "confidentiality and non-circumvention agreements and contracts" by opening the restaurant. (Ex. A, p. 11, ¶ 40). Further, Plaintiffs claim that Defendants' alleged conduct violated Federal law. (Ex. A, p. 12, ¶ 50).

3.  Plaintiffs claim they "are suffering immediate and irreparable harm and damages, including, but not limited to, lost revenues, loss of customers, loss of business goodwill, loss of business opportunities, loss of skilled labor, loss of market share, and disclosure of proprietary information" as a result of Defendants' alleged conduct. (Ex. A, p. 11, ¶ 43).

4.  In addition to seeking monetary damages, Plaintiffs request an injunction "prohibiting each of the Defendants from proceeding with the opening of any Simply Delicious Cajun Kitchen restaurant[.]" (Ex. A, p. 12, ¶ 48.A). Should the injunction be granted, DVN could risk losing as much as $1.8 million in sales between May 2018 and May 2019 alone, based

on current projections, as well as an additional $1.5 million in start-up and future liabilities. (Ex. B, Declaration of David Norman, at ¶¶ 10-11).

5. Plaintiffs also seek an injunction requiring Defendants to comply with their alleged contractual obligations and to refrain from utilizing any alleged confidential and proprietary business information of Plaintiffs. (Ex. A, p. 13, ¶ 48 B-C).

6. Further, Plaintiffs' requested—*ex parte*—a Temporary Restraining Order, which the state trial court denied on May 16, 2018. (Ex. A, pp. 18-19, Order Denying Request for TRO).

## THE BASES FOR SUBJECT MATTER JURISDICTION

7. This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332 because (i) complete diversity exists among the parties, and (ii) the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court also has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs allege violations of Federal law.

### This Court Has Diversity Subject Matter Jurisdiction

**The Plaintiffs Are Louisiana Citizens**

8. With respect to diversity subject matter jurisdiction, the citizenship of Plaintiffs NOPP and NOKK, as limited liability companies, is determined by the citizenship of all of their members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (joining every other circuit court to have addressed the issue that "the citizenship of a LLC is determined by the citizenship of all its members"). Timothy D. Koehl, an individual domiciled in Metairie, Louisiana, is the sole member of both NOPP and NOKK. (Ex. C, Louisiana Secretary of State

Filings for NOPP; Ex. D, Louisiana Secretary of State Filings for NOKK; Ex. B, Declaration of David Norman, at ¶ 9). Therefore, NOPP and NOKK are citizens of Louisiana for purposes of diversity subject matter jurisdiction.

**The Defendants Are Citizens of Maryland, Delaware, Ohio, And Georgia**

9. Individual defendants David J. Norman, Ann Portnow and Richard Borchers are all domiciled in Maryland. (Ex. B, Declaration of David Norman, at ¶ 4).

10. DVN and DavCo NOPP, LLC are limited liability companies organized under Maryland law. (Ex. B, at ¶¶ 2-3). Both have the same two members: DavCo Partners, LLC and Jim Karam. (*Id.*).

11. DavCo Partners, LLC also is a limited liability company organized under Maryland law. (Ex. B, at ¶ 4). It, in turn, has three members, David J. Norman, Ann Portnow, and Richard Borchers, all of whom are individuals domiciled in Maryland. (*Id.*, at ¶ 5). As a result, DavCo Partners, LLC is a citizen of Maryland.

12. Jim Karam is an individual domiciled in Ohio. (Ex. B, at ¶ 6).

13. Therefore, DVN and DavCo NOPP, LLC are citizens of Maryland and Ohio for purposes of diversity subject matter jurisdiction.

14. DavCo Restaurants, LLC is a limited liability company organized under Delaware law. It has one member, DavCo Acquisition Holding Inc. (Ex. B, at ¶ 7).

15. DavCo Acquisition Holding Inc. is a Delaware corporation with its principal place of business in Maryland. (Ex. B, at ¶ 8).

16. Therefore, DavCo Restaurants, LLC is a citizen of Delaware and Maryland for purposes of diversity subject matter jurisdiction.

17. The remaining defendants—CCC and Jerome Stuart—are citizens of Georgia. CCC is a limited liability company whose sole member is Jerome Stuart, an individual domiciled in Georgia. (Ex. E, Georgia Secretary of State Filing). Therefore, CCC and Jerome Stuart are citizens of Georgia for purposes of diversity subject matter jurisdiction.

18. Accordingly, as the citizenship of Plaintiffs (Louisiana) is completely diverse from the citizenship of Defendants (Maryland, Delaware, Georgia, and Ohio), the diversity requirement of 28 U.S.C. § 1332 is met.

**The Amount In Controversy Exceeds $75,000**

19. The $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. The Petition alleges Defendants owe Plaintiffs for lost revenues, loss of customers, loss of business goodwill, loss of business opportunities, loss of skilled labor, loss of market share, and for disclosure of proprietary information. (Ex. A, p. 11, ¶ 43).

20. Plaintiffs' Petition also requests injunctive relief "prohibiting each of the Defendants from proceeding with the opening of any Simply Delicious Cajun Kitchen restaurant[.]" (Ex. A, p. 12, ¶ 48.A).

21. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citations omitted). In other words, "the amount in controversy in an action for declaratory or injunctive relief is the value of the right to be

5

protected or the extent of the injury to be prevented." *See id.* Importantly, the Fifth Circuit has recognized that it "has not been overly difficult in the past for federal courts to find," in cases such as this one, "the requisite jurisdictional amount in actions brought to enforce covenants not to compete." *Premier Indus. Corp. v. Tex. Indus. Fastener Co.*, 450 F. 2d 444, 446 (5th Cir. 1971).

22. Here, Plaintiffs seek to prohibit Defendants from opening Simply Delicious Cajun Kitchen, and claim that Defendants breached their obligation to "proceed in good faith to launch the flagship restaurants as per the agreements with the Plaintiffs." (Ex. A, p. 11, ¶ 40). With respect to the "flagship restaurants," Plaintiffs allege that "the parties agreed to a twenty-year term" license agreement, which would inure a "payment of a 2% of sales monthly royalty to NOPP," as well as a $37,000 retail licensing fee paid to NOPP. (Ex. A, p. 6, ¶ 17; Ex. F, Letter of Agreement). Plaintiffs further assert that DavCo NOPP, LLC has "an affirmative obligation to open the two 'flagship restaurants' under the license agreement," and therefore believe they are owed royalties under that contract. (Ex. G, February 6, 2018 Letter).

23. As a result, the "value of the right to be protected" by Plaintiffs requested injunction is—at minimum—the $37,000 retail licensing fee as well as the monthly 2% sales royalties over the alleged 20 year term of the agreement. Because the Simply Delicious Cajun Kitchen restaurant is projected to gross $1.8 million in sales between May 2018 and May 2019 if it performs as anticipated, the value of Plaintiffs' claimed right to the sales royalty is $36,000 over a single year period, and up to $720,000 over the alleged twenty-year term of the license agreement. (Ex. B, Declaration of David Norman, at ¶ 11). *See ECL Group, LLC v. Mass*, No.

6

17-2399, 2018 WL 949235, at *4 (N.D. Tex. Feb. 20, 2018) (finding that claim seeking monetary and injunctive relief to enforce confidentiality and noncompetition agreement met the amount in controversy requirement, where 4% profits on $2 million in sales allegedly owed to plaintiff exceeded $75,000); *see also See A&C Disc. Pharmacy, LLC v. Caremark, LLC*, 2016 WL 3126237, at *4 (N.D. Tex. Jun. 3, 2016) (applying same method to calculate profit).

24. Plaintiffs also seek attorneys' fees and expenses under La. R.S. 51:1434, as well as monetary damages under La. R.S. 51:1409, which specifically provides for ***treble damages***. (Ex. A, p. 12, ¶ 47). It is well settled that claims for penalties and attorneys' fees that may be awarded pursuant to state statutes are considered in determining whether the amount in controversy requirement has been met. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002). A treble damages aware on the license fee alone would easily exceed the jurisdictional amount.

25. Examining all of the monetary and injunctive relief sought by Plaintiffs in total, common sense dictates that the amount in controversy requirement is met in this case. *See A&C Disc. Pharmacy*, 2016 WL 3126237, at *4 (N.D. Tex. Jun. 3, 2016) (recognizing that "[t]he Fifth Circuit follows a common sense approach to determine whether the defendant has met its burden with respect to the amount in controversy."); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240-41 (5th Cir. 2015) (concluding that defendants offered evidence that satisfied their burden of establishing that at least one plaintiff's claim exceeded $75,000, because defendants' evidence showed each plaintiff's specific harms, and "common sense dictat[ed]" that some of the harms placed more than $75,000 at stake); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336

(5th Cir. 1995) ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more" than the amount in controversy); *Griffin v. HSBC Bank USA*, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (explaining that, because plaintiff sought an order rescinding foreclosure and restoring title of the property to her, the value of the property was to be used in determining the amount in controversy, and concluding that "a common-sense analysis and approach establish[ed] that the sum of [value of the property, additional damages, and attorney's fees] [was] more likely than not to exceed the jurisdictional threshold").

### This Court Also Has Federal Question Subject Matter Jurisdiction

26. Additionally, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs allege violations of Federal law. (Ex. A, p. 13, ¶ 50).

27. Federal question subject matter jurisdiction exists "[w]hen a federal claim appears on the face of the complaint" and dismissal for lack of subject-matter jurisdiction 'is only proper in the case of a frivolous or insubstantial claim, *i.e.*, a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" *Allstate Ins. Co. v. Hineman*, No. 17-1794, 2017 WL 7596917 (S.D. Tex. Oct. 11, 2017) (quoting *Young v. Hoseman*, 598 F.3d 184, 188 (5th Cir. 2010)).

28. Here, Plaintiffs claim, and their attorneys certified by separate written pleading, that Defendants "misappropriated Plaintiffs' confidential and proprietary business information" which breached (i) "their obligations under the Confidentiality and Non-Circumvention Agreements" and, critically, (ii) *the relevant provisions of Louisiana and Federal Law*[.]" (Ex.

8

A, p. 13, ¶ 50, and p. 22, Attorney's Certificate Under LA C.C.P. Art. 3603 In Support of Issuance of Temporary Restraining Order Without Notice). As a result, Plaintiffs' allege a violation of federal law on the face of the Petition.

29. Substantially similar claims—surrounding a defendant's alleged breach confidentiality agreements and use of confidential, proprietary information—are sufficient to allege violations of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, that establishes federal question subject matter jurisdiction. *See Hineman*, 2017 WL 7596917, at *2 (finding that such a claim is "neither 'frivolous' nor 'insubstantial'" and therefore sufficient to invoke federal question jurisdiction).

## **PROCEDURAL ISSUES**

30. Removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) because the 24th Judicial District Court in the Parish of Jefferson, State of Louisiana is within this Court's District and Division.

31. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because the DavCo NOPP, LLC and DVN were served with Plaintiffs' Petition on May 21, 2018, and this Notice of Removal is being filed within thirty (30) days of their receipt of Plaintiffs' Petition.

32. DavCo NOPP, LLC and DVN certify that all Defendants who have been served consent to the removal of this action.

33. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants, which papers include the Petition, is attached hereto as Exhibit A.

WHEREFORE, Defendants request that the above action, now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

 /s/ H. Minor Pipes, III
H. Minor Pipes, III, 24603
John W. Joyce, 27525
Stephen L. Miles, 31263
Laurence D. LeSueur, 35206
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile: (504) 589-9701
mpipes@barrassousdin.com
jjoyce@barrassousdin.com
smiles@barrassousdin.com
llesueur@barrassousdin.com

*Attorneys for DavCo NOPP, LLC, and DavCo NOLA, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by the court's electronic filing system, facsimile, hand delivery, electronic mail and/or placing same in the United States Mail, postage prepaid and properly addressed, this 25th day of May, 2018.

 /s/ H. Minor Pipes, III

*1473815_1*