# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| N'ORLEANS PO'BOY PLACE LLC, ET AL | CIVIL ACTION |
| VERSUS | NO. 18-5349 |
| CULINARY CONSTRUCTION CO LLC, ET AL | SECTION "L" (4) |

## ORDER & REASONS

Before the Court are Defendants' Motions to Dismiss, R. Docs. 6 & 7. Plaintiffs respond in opposition, R. Docs. 12 & 13. Having heard oral argument and considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

## I. BACKGROUND

Plaintiffs N'Orleans Po'Boy Place LLC ("NOPP") and N'Orleans Krewe Kitchen LLC ("NOKK") bring this lawsuit against Defendants for alleged violations of business agreements, the Louisiana Uniform Trade Secrets Act, and the Louisiana Unfair Trade Practices and Consumer Protection Law. R. Doc. 1-1 at 10-11. Plaintiffs allege that since 2015 they have been working to develop a New Orleans themed restaurant franchise. R. Doc. 1-1 at 3. Plaintiffs allege that in 2016 they began working with Defendants Culinary Construction Co, LLC ("CCCo") and DavCo Restaurants LLC ("DavCo") to develop and market the restaurants. R. Doc. 1-1 at 3-4. Plaintiffs entered into agreements with CCCo and DavCo in 2016. R. Doc. 1-1 at 4. During this period Plaintiffs disclosed proprietary information to CCCo and DavCo. R. Doc. 1-1 at 5.

Plaintiffs now allege that Defendants CCCo and DavCo have terminated business dealings with Plaintiffs and are using Plaintiffs' proprietary information to open a restaurant substantially

1

identical to the restaurant developed by Plaintiffs. R. Doc. 1-1 at 9. Plaintiffs allege that these actions violate their business agreements, the Louisiana Uniform Trade Secrets Act, and the Louisiana Unfair Trade Practices and Consumer Protection Law. R. Doc. 1-1 at 10-11. In addition to damages, Plaintiffs seek a temporary restraining order ("TRO") and preliminary and permanent injunctive relief. R. Doc. 1-1 at 11.

Plaintiffs originally filed this lawsuit in state court. R. Doc. 1. Plaintiffs' request for a TRO was denied by the state court on May 16, 2018. R. Doc. 1-1 at 18-19. Defendant DavCo removed the case to this Court based on diversity jurisdiction on May 25, 2018. R. Doc. 1.

## II. PRESENT MOTIONS

### a. Defendants' Motion to Dismiss for Lack of Jurisdiction/Motion to Transfer (R. Doc. 6)

Defendants DavCo NOPP, LLC ("DavCo NOPP") and DavCo NOLA, LLC ("DavCo NOLA") move to dismiss the claims against them for lack of personal jurisdiction or in the alternative transfer the claims to the United States District Court for the District of Maryland. R. Doc. 6. First, Defendants DavCo NOPP and DavCo NOLA argue that this Court lacks personal jurisdiction over them. R. Doc. 6-1 at 8. DavCo NOPP argues that it does not have sufficient contacts with Louisiana to establish specific jurisdiction because its only contacts are entering into an agreement with a Louisiana entity and having some representative visit Louisiana. R. Doc. 6-1 at 10-11. DavCo NOLA argues that it does not have sufficient contacts with Louisiana to establish specific jurisdiction because Plaintiffs have not alleged that it has any contacts with Louisiana. R Doc. 6-1 at 9.

Second, Defendants DavCo NOPP and DavCo NOLA argue in the alternative that this Court should transfer the claims to Maryland. R. Doc. 6-1 at 16. They argue that the restaurant at issue is located in Maryland, the evidence and witnesses are located in Maryland, DavCo NOPP

and DavCo NOLA are located in Maryland, and Maryland has more interest in the case than Louisiana. R. Doc. 6-1 at 16-17.

Plaintiffs respond in opposition. R. Doc. 12. Plaintiffs argue that this Court can find specific jurisdiction over Defendants DavCo NOPP and DavCo NOLA because they "pursued a business relationship" with Plaintiffs in Louisiana and the restaurant is New Orleans themed. R. Doc. 12 at 14. Plaintiffs also argue that the Court can impute the contacts of the individual Defendants, who are the owners/operators of Defendants DavCo NOPP and DavCO NOLA, under the alter ego theory. R. Doc. 12 at 15. Plaintiffs ask if the Court needs more information that it allow for discovery on the issue of personal jurisdiction. R. Doc. 12 at 18.

### b. Defendants' Partial 12(b)(6) Motion to Dismiss (R. Doc. 7)

Defendants DavCo NOPP and DavCo NOLA move to dismiss several of Plaintiffs' claims against them for failure to state a claim. R. Doc. 7. Plaintiffs oppose the motion to dismiss. R. Doc. 13.

## III. LAW

### a. Personal Jurisdiction - Federal Rule of Civil Procedure 12(b)(2)

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (internal citation omitted). When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing. *Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The

3

allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the

"continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n. 8. Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The Fifth Circuit has set out a three-step analysis to determine whether a court has specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quoting *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

### b. Analysis

Here, Plaintiffs allege that Defendants, including Defendants DavCo NOPP and DavCo NOLA, have misappropriated trade secrets disclosed by Plaintiffs to Defendants during negotiation of a business relationship. The issue currently before this Court is whether the Court has specific jurisdiction over two defendants, DavCo NOPP and DavCo NOLA, and even if it does

whether the case is better heard by a court in Maryland. The Court has seen slim evidence regarding DavCo NOPP's contacts with Louisiana and no evidence of DavCo NOLA's contacts with Louisiana, other than its alleged connections to other Defendants. However, the Court notes that this case is relatively young and Plaintiffs have requested time to discover the jurisdictional issues. Additionally, the Court is concerned that these issues are premature because this case involves multiple defendants, over some of which this Court may have specific jurisdiction, who have not yet been served, have not answered in this litigation, and are not party to the present motions.

Therefore, the Court directs the parties to conduct limited discovery into specific jurisdiction over all Defendants. Additionally, all Defendants should be served so that they may participate in future proceedings.

The Court has taken Defendants' 12(b)(6) motion under advisement and will wait to rule on this motion until jurisdictional matters are resolved.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction is **DENIED AS PREMATURE** to be refiled at a later date.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** sixty (60) days to conduct limited discovery regarding specific jurisdiction.

New Orleans, Louisiana, this 12th day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE